Neila A. **AUTENRIETH** et al., Appellants,

v.

Joseph M. **CULLEN**, District Director of IRS, et al., Appellees.

No. 22801.

United States Court of Appeals Ninth Circuit.

Nov. 10, 1969.

Francis Heisler (argued), of Heisler & Stewart, Carmel, Cal., Peter F. Franck, Berkeley, Cal., for appellants.

Meyer Rothwack (argued), Asst. Atty. Gen., Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Dept. of Justice, Cecil F. Poole, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., for appellees.

Before MADDEN\*, Judge, United States Court of Claims, DUNIWAY, Circuit Judge, and TAYLOR\*\*, District Judge.

DUNIWAY, Circuit Judge:

In this action, 124 plaintiffs seek refunds of federal income taxes paid by each of them, some for 1965, some for 1966, some for both years. Some seek 17% of the tax paid, some 67%. The District Court dismissed the action, and we affirm.

The District Court had jurisdiction under 28 U.S.C. §§ 1340, 1346(a) (1).[1] Named as defendants are the District Director of Internal Revenue at San Francisco and the Commissioner of Internal Revenue. The parties are agreed, however, that the action should be treated as one against the United States and the trial judge did so treat it. We do likewise.[2]

The complaint contains many pages of citations of treaties, including some to which the United States is not a party, of reports of alleged war crimes committed in Viet Nam and other press reports about the Viet Nam War, of claims made by the Viet Cong and by the North Vietnamese government, and of other similar material. Plaintiffs, however, do not ask us to hold that the Viet Nam war is unconstitutional or illegal. *Cf.* Kalish v. United States, 9 Cir., 1969, 411 F.2d 606, cert. denied, October 13, 1969, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 86. The nature of plaintiffs' claims is stated in the complaint by quoting from their refund claims:

"On information and belief I believe the facts constituting the basis of this claim are as follows:

"The United States is engaged in a war in Viet-Nam which is illegal under the Constitution of the United States and under the provisions of the United Nations Charter, the Southeast Asia Collective Defense Treaty and the London Treaty by which the United States subscribed to the Charter of the Inter-

\* Honorable J. Warren Madden, Judge, United States Court of Claims, sitting by designation.

\*\* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

1. The complaint cites certain other statutes as conferring jurisdiction. Some, while they do confer jurisdiction, are clearly inapplicable to this action against the United States: 28 U.S.C. § 1343, 1331(a), 1333(1), 1651. Others do not confer jurisdiction: 28 U.S.C. §§ 2201, 2202; Rule 23, F.R.Civ.P.

2. 26 U.S.C. § 7422(f) (2).

national Military Tribunal at Nuremberg.

"It has been authoritatively stated that 17% of the federal income taxes collected for the year 1966 support this war. To finance and pay for an activity is to participate in it, and that 67% of the federal income taxes collected for the year 1966 support other wars, past, present, and possible.

"The grounds upon which I claim this refund are as follows: The First Amendment of the United States Constitution prohibits the Congress from requiring me to finance and thus participate in military activities to which I have conscientious objection. I do conscientiously object to the war in Viet-Nam [1] and claim exemption from participation in these military activities.

"Because I believe the war to be in violation of international law, and that in 1966 the war constituted a crime against peace and assumed the proportions of genocide as prohibited by international law and the Charter of the International Military Tribunal at Nuremberg, I desire to exercise my rights not to subject myself to a possible prosecution by an International Tribunal for participating in a war in violation of International Treaties, against Peace or against humanity. Offenses against the Peace and security of Mankind are crimes under international law for which responsible individuals may be punished."

"1. Those plaintiffs who object to all wars stated here 'to war in any form.'"

The District Judge assumed that this was a sincere statement of conscientious objection, religious in character, either to the Viet Nam War or to all wars, held that the complaint nevertheless stated no claim upon which relief could be granted, and entered judgment of dismissal.

Plaintiffs argue that they are being deprived of their religious liberty. Because Congress has exempted conscientious objectors from military service,

plaintiffs claim that the Constitution requires that they be exempted from paying what they allege to be the portion of their taxes which is used to support either the Viet Nam War (17%) or war in general (67%). They cite the equal protection clause of the Fourteenth Amendment, though by its terms it is directed to the states. They also allege that the portion of the tax to which they object is a tax laid specifically upon their exercise of First Amendment freedoms, primarily the free exercise of their religion.

■ Having duly filed claims for refund, which were denied, plaintiffs undoubtedly have "standing" in the sense that they have the right to bring this action, whether their claims be meritorious or not. But as we held in *Kalish, supra,* they do not have "standing" to raise the questions that they ask us to adjudicate. There is no allegation that the Congress, in enacting the Income Tax Law, "breached a specific limitation upon its taxing and spending power."

■ Laying aside the question of "standing," we hold that nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of the tax. *Kalish, supra,* is analogous.

The Income Tax Act does not "aid one religion, aid all religions, or prefer one religion over another." Nor does it punish anyone "for entertaining or professing religious beliefs or disbeliefs." (Mr. Justice Black, in Everson v. Board of Education, 1947, 330 U.S. 1, 15–16, 67 S.Ct. 504, 91 L.Ed. 711.) It taxes plaintiffs like all others, because they are citizens or residents who have taxable income. On matters religious, it is neutral. If every citizen could refuse to pay all or part of his taxes because he disapproved of the government's use of the money, on religious grounds, the ability of the gov-

ernment to function could be impaired or even destroyed. See, for example, Crowe v. Commissioner of Internal Revenue, 8 Cir., 1968, 396 F.2d 766, where a taxpayer declined to pay his income tax because he objected to being made "to contribute to the welfare of people who made no effort to support themselves." There are few, if any, governmental activities to which some person or group might not object on religious grounds.

Plaintiffs cite no case, and we know of none, that goes as far as they wish us to go. In Murdock v. Pennsylvania, 1943, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292, there was a tax upon the sale of literature, including religious literature. Thus the tax was, in part, a tax upon a religious activity. The income tax is not such a tax. The Supreme Court distinguished the income tax in that case (p. 112). See also Follett v. Town of Mc-Cormick, 1944, 321 U.S. 573, 577–578, 64 S.Ct. 717, 88 L.Ed. 938.

Affirmed.