DAVID L. KENT AND FLORENCE M. DI JULIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kent v. Commissioner
Docket No. 923-74
United States Tax Court
T.C. Memo 1974-304; 1974 Tax Ct. Memo LEXIS 19; 33 T.C.M. (CCH) 1405; T.C.M. (RIA) 740304; December 4, 1974, Filed. *19 Thomas E. Bulleit and Robert J. Chicoine, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion for judgment on the pleadings was assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE COMMISSIONER This case is presently before the Court on respondent's motion for judgment on the pleadings filed on October 10, 1974, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioners' 1972 Federal income taxes in the amount of $623.61. His only adjustment was to disallow a "war tax credit," in the amount of $625.50, *20 claimed by petitioners on their return for that year. The case was called at the Motions Session on November 20, 1974, for hearing on respondent's motion. There was no appearance by or on behalf of petitioners. Respondent's counsel appeared and argued the motion at the hearing. Respondent's counsel also filed a memorandum in support of his motion. The motion was taken under advisement. Petitioners base their claimed "war tax credit" on two theories: a. That the United States Constitution guarantees the right of a citizen to free exercise of religious practices; the petitioners [who are Quakers] hold the religious belief that war is a violation of Divine Law and that they cannot support it in any way. b. That the United States involvement in Southeast Asia has caused a shifting of priorities so that the excessive amount of tax money used to carry on war has hampered the constructive social and economics programs in this country. The respondent, admitting for the purpose of the motion, all facts pleaded by petitioners, urges in his motion that he is entitled to judgment as a matter of law. We conclude that the motion should be granted. Notwithstanding petitioners' *21 sincere and strongly held views and convictions, they are not entitled to the claimed credit. They may not use the income tax laws as a vehicle for protesting against the war in Vietnam. Nor does the First Amendment guarantee of religious freedom give religiously motivated persons, such as petitioners, immunity from the payment of income taxes used in part for war or preparation for war because the payment of such taxes does not directly restrict the free exercise of religion. Susan Jo Russell, 60 T.C. 942 (1973); Abraham J. Muste, 35 T.C. 913 (1961); Autenreith v. Cullen, 418 F.2d 586 (C.A. 9, 1969). An appropriate order and decision will be entered. Footnotes
1. Since this is a pre-trial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on November 20, 1974.