RUTH KILPACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kilpack v. Commissioner
Docket No. 438-74
United States Tax Court
T.C. Memo 1975-18; 1975 Tax Ct. Memo LEXIS 354; 34 T.C.M. (CCH) 78; T.C.M. (RIA) 750018; January 29, 1975, Filed Ruth Kilpack, pro se. Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion for judgment on the pleadings was assigned to and heard by Commissioner James M. Gussis. This Court agrees with and adopts his opinion which is set forth below. [1]
*355 OPINION OF THE COMMISSIONER This case is presently before the Court on respondent's motion for judgment on the pleadings filed on October 17, 1974, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner's Federal income tax for 1972 in the amount of $692 based upon the disallowance of a "War Crimes Deduction" claimed by petitioner in the amount of $4,953. Petitioner, who for many years has been associated with Quaker institutions, contends (1) that the activities of the United States in Indochina constituted war crimes committed in her name as a tax-paying American citizen and presumably that payment of the disputed tax would make her an accomplice to such crimes; and (2) that her religious beliefs and convictions absolve her of the obligation to pay such tax. In the recent case of Susan Jo Russell,60 T.C. 942 (1973), the taxpayer also based her refusal to pay a portion of her Federal income tax upon her contention that the United States involvement in Southeast Asia was contrary to her religious principles. In rejecting such contention the Court stated that the taxpayer's disapproval of said conduct *356 of the United States in Southeast Asia "for religious reasons does not give her the right to choose not to pay her share of the income tax." An individual's objection on religious grounds to acts of the government does not form the basis of a constitutional right not to pay a part of his income tax. See Autenrieth v. Cullen,418 F.2d 586 (C.A. 9, 1969). Nor does the alleged perpetration of war crimes by the United States in Indochina somehow exempt taxpayer from complying with the tax laws. In Abraham J. Muste,35 T.C. 913 (1961), this Court stated that "[there] is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue." Petitioner has cited American Friends Service Committee v. United States,368 F. Supp. 1176 (E.D. Pa. 1973), as support for her contentions. In that case the Court enjoined the United States from enforcing section 3402 of the Internal Revenue Code of 1954 (withholding of taxes from wages) against American Friends *357 Service Committee with respect to a portion (51.6 percent) of the required withholding from employees' salaries, holding that section 3402 as applied to this amount constituted an unconstitutional abridgment of the right to free exercise of religion. However, the Supreme Court reversed the judgment of the District Court on the ground that the injunctive relief granted by a lower court, insofar as it enjoined the collection of taxes by the government and the withholding of wages by the employer, plainly contravened the provisions of the Anti-Injunction Act, 26 U.S.C. sec. 7421 (a). United States v. American Friends Committee,U.S. (filed 10/29/74); 74-2 U.S.T.C. [*] 9774; 34 A.F.T.R. 2d 74-6053. We do not doubt that petitioner's convictions are sincere and that her arguments are founded upon such convictions. However, this Court has previously considered similar arguments and has rejected them. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on December 10, 1974.