PAUL A. and LORETTA M. LEATHERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leatherman v. Commissioner
Docket No. 2313-74 S
United States Tax Court
T.C. Memo 1975-41; 1975 Tax Ct. Memo LEXIS 335; 34 T.C.M. (CCH) 270; T.C.M. (RIA) 750041; February 27, 1975, Filed *335 Paul A. Leatherman, pro se. Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion for judgment on the pleadings was assigned to and heard by Commissioner James M. Gussis. This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE COMMISSIONER This case is presently before the Court on respondent's motion for judgment on the pleadings filed on September 11, 1974, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in the petitioners' Federal income tax for 1972 in the amount of $352.19 based upon the disallowance of a deduction claimed by petitioners in *336 the amount of $1,540.46 in connection with their opposition to the war activities of the United States. In their petition to this Court the petitioners alleged that the payment of "war taxes" violated their rights under the First Amendment to the Constitution in that such payment prevented the free exercise of their religious and moral beliefs. Petitioner Paul A. Leatherman also contended at the hearing that under established principles of international law the payment of the disputed tax would make him and his wife accomplices to purported war crimes which would be contrary to their moral and religious beliefs. This Court has held that alleged violations of international law by the United States in the conduct of its foreign relations do not somehow exempt a taxpayer from complying with the tax laws. Abraham J. Muste,35 T.C. 913 (1961). In Susan Jo Russell,60 T.C. 942 (1973), we stated that the taxpayer's disapproval of United States involvement in Southeast Asia "for religious reasons does not give her the right to choose not to pay her share of the income tax." Nor does an individual's objection on religious grounds to acts of government *337 form the basis of a constitutional right not to pay a part of his income tax. See Autenrieth v. Cullen,418 F.2d 586 (C.A. 9, 1969). We are compelled to follow these precedents. We must add that this Court is without authority to guaranty that, in the event the petitioners pay the disputed tax, such funds will not be used by the United States for war purposes. Finally, we must conclude that the purported failure by respondent to grant petitioners full opportunity for conferences and appeals at the administrative level of the Internal Revenue Service does not protect them against liability for the tax which the statute demands. See Cleveland Trust Company v. United States,421 F.2d 475 (C.A. 6, 1970). We do not doubt the sincerity of the petitioners' convictions and we are convinced that petitioners' arguments are founded upon such convictions. This Court, however, has previously considered similar arguments and has rejected them. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on December 11, 1974.