BETH WIDZOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Widzowski v. Commissioner
Docket No. 5854-74
United States Tax Court
T.C. Memo 1975-201; 1975 Tax Ct. Memo LEXIS 171; 34 T.C.M. (CCH) 867; T.C.M. (RIA) 750201; June 24, 1975, Filed *171 Beth Widzowski, pro se. Peter J. Panuthos, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Commissioner James M. Gussis. This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE COMMISSIONER Respondent's motion for judgment on the pleadings filed on April 14, 1975, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, is presently before the Court. Respondent determined a deficiency in the petitioner's Federal income tax for 1972 in the amount of $590 based upon the disallowance of deductions claimed by petitioner in connection with her opposition *172 to the war activities of the United States. In the petition to this Court and in her testimony at the trial the petitioner (1) protests the large proportion of tax revenues used for military purposes and suggests alternative uses for her tax payments; (2) argues that the use of her tax payments for military purposes violates her rights under the First Amendment to the Constitution; and (3) protests certain alleged violations by the United States of the Paris Peace Agreement. This Court has held that alleged violations of international law by the United States in the conduct of its foreign relations do not exempt a taxpayer from complying with the tax laws. Abraham J. Muste,35 T.C. 913 (1961). Petitioner's objection on moral grounds to the use of tax revenues for war purposes does not form the basis of a constitutional right not to pay a part of her income tax. See Susan Jo Russell,60 T.C. 942 (1973); see also Autenrieth v. Cullen,418 F.2d 586 (C.A. 9, 1969). Finally, we must add that this Court is without authority to guaranty that in the event the petitioner pays the disputed tax, such funds will not be used by the United *173 States for war purposes. We do not doubt the sincerity of petitioner's convictions and we are convinced that her arguments are founded upon such convictions. This Court, however, has previously considered similar arguments and has rejected them. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. Respondent filed a motion for judgment on the pleadings with the Court. Consequently there is no genuine issue of material fact and the Court has therefore concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on April 14, 1975.