ELEANOR M. LOVITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lovitt v. Commissioner
Docket No. 6613-74.
United States Tax Court
T.C. Memo 1975-345; 1975 Tax Ct. Memo LEXIS 29; 34 T.C.M. (CCH) 1501; T.C.M. (RIA) 750345; November 26, 1975, Filed *29 Eleanor M. Lovitt, pro se. Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This motion for judgment on the pleadings was assigned to and heard by Commissioner John H. Sacks. This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE COMMISSIONER SACKS, Commissioner: This case is presently before the Court on respondent's motion for judgment on the pleadings filed June 26, 1975, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner's individual Federal income tax for the taxable year 1972 in the amount of $3,040.36, based principally upon the disallowance of a "War Crimes Deduction" claimed by petitioner in the amount of $13,000.77. [2]
*30 In her petition filed herein petitioner contends that the activities of the United States in Southeast Asia during 1972 constituted War Crimes committed in violation of the Hague Conventions of 1907, the Geneva Conventions of 1949, and the principles set forth by the International Military Tribunal at Nuremburg following World War II, and that payment of the disputed tax would make her an accomplice to such crimes. Thus, according to her petition, her obligation to the Constitution, International Law and her conscience absolve her from the requirement to pay such tax. We accept the fact that petitioner's views are based upon strong and sincere convictions. Nevertheless, even if we assume, as we must for purposes of this motion, that petitioner's allegations are true, she must still fail. See Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969). The issue which has been raised by petitioner herein has consistently been held by the courts not to provide a basis for permitting a taxpayer to avoid his or her obligation to pay Federal income tax. John David Egnal,65 T.C. No. 22 (November 4, 1975). Susan Jo Russell,60 T.C. 942 (1973). *31 In the case of Abraham J. Muste,35 T.C. 913 (1961), this Court stated that "there is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue." Indeed, this position has even been adhered to in a situation involving a criminal prosecution for violation of the Federal income tax laws. United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973). [3]
We find no basis in developments in our national political and government life since these cases were decided to depart from their established precedents. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. Respondent's disallowance of two other items, namely a deduction for contributions in the amount of $200 and a deduction for taxes in the amount of $214.26, was not assigned by petitioner as error in her petition.↩
3. See also John H. Ginaven,T.C. Memo. 1974-119; Robin Harper,T.C. Memo. 1974-117, and John P. Malinowski,T.C. Memo. 1974-88↩.