CONSTANCE W. BOUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bouck v. Commissioner
Docket No. 2988-74.
United States Tax Court
T.C. Memo 1975-352; 1975 Tax Ct. Memo LEXIS 22; 34 T.C.M. (CCH) 1536; T.C.M. (RIA) 750352; December 11, 1975, Filed *22 Constance W. Bouck, pro se. Lowell F. Raeder, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case comes before us on respondent's motion for judgment on the pleadings. Respondent determined a deficiency of $130.70 in petitioner's income tax for the year 1972, based upon the failure of petitioner to pay 60 percent of the amount of tax due for reasons of conscience. Petitioner resided in Media, Pennsylvania, at the time she filed her petition herein. She filed her Federal income tax return for the taxable year 1972 with the Internal Revenue Service at Philadelphia, Pennsylvania. Petitioner is a member of the Society of Friends (Quakers). In her petition, she relied on the alleged illegality, criminality, and immorality of the Vietnam war in violation of international law as the foundation of her refusal to pay taxes. She has now abandoned these grounds (which, in any event, we would have rejected, see John David Egnal, 65 T.C. - (Nov. 4, 1975)) and states her position on brief as follows: 2. Petitioner's refusal to pay war taxes does not depend solely on her objection to the Indochinese war * * *; it is based on a solid and *23 long-standing objection to all war, and to war in all its aspects. 3. Petitioner's fundamental objection to the payment of war-related taxes is not an objection to the payment of taxes in general to the United States Government, not to the payment of the Federal income tax as such * * *, but of taxes which are demonstrably devoted to war and military purposes. 4. Petitioner's refusal to pay war-related taxes is not conceived as a "protest" * * * or as an expression of "disapproval" * * * but rather as a flat refusal to voluntarily allow her personal resources to be used for purposes which are totally repugnant to her conscience as a professing Christian and a member of the Religious Society of Friends. She contends that the imposition of a tax for such purposes is an active infringement of her religious liberties under the Free Exercise Clause of the First Amendment to the Constitution * * *. Petitioner made essentially the same arguments when we considered her income tax liability for 1971. We rejected those arguments in that case ( Constance W. Bouck,T.C. Memo. 1974-116) and we find nothing in petitioner's arguments herein to cause us to change our position. *24 Indeed, if anything, our position is reinforced by John David Egnal,supra, in which we stated that we would adhere to our decisions in Susan Jo Russell,60 T.C. 942 (1973), and Abraham J. Muste,35 T.C. 913 (1961). See also United States v. Malinowski,472 F. 2d 850, 857-858 (3d Cir. 1973); Autenrieth v. Cullen,418 F. 2d 586, 688 (9th Cir. 1969). Those decisions are controlling herein. [1]
Finally, aside from the lack of substantive merit, petitioner would also fail because of the requirements of "standing" and "justiciability." See Lorna H. Scheide, 65 T.C. - (Dec. 2, 1975); John David Egnal,supra.
Decision will be entered for the respondent.
Footnotes
1. Given our decision, we have no need to consider respondent's argument in respect of collateral estoppel based upon our prior decision in Constance W. Bouck,T.C. Memo. 1974-116. See Commissioner v. Sunnen,333 U.S. 591↩ (1948).