PETER RONALD CURIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Curia v. Commissioner
Docket No. 4524-75.
United States Tax Court
T.C. Memo 1976-74; 1976 Tax Ct. Memo LEXIS 335; 35 T.C.M. (CCH) 333; T.C.M. (RIA) 760074; March 9, 1976, Filed *335 Held, petitioner is not entitled to an "anti-war tax" credit because of his moral and religious beliefs. Peter Ronald Curia, pro se. Harry Beckhoff, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1973 in the amount of $278.94. At trial respondent reduced the deficiency to $276.24 because of a mathematical error in the notice of deficiency. The deficiency results from disallowance of a deduction claimed for legal expense in the amount of $250 and disallowance of a credit against tax in the amount of $226.91 claimed by petitioner on his return as "Anti-War Tax." Petitioner has conceded the disallowance of the deduction for legal expense so the only issue for decision is whether petitioner is entitled to an anti-war tax credit in the amount of $226.91. FINDINGS OF FACT The stipulated facts are so found. Petitioner resided in Phoenix, Ariz., at the time he filed his petition herein. Petitioner filed an individual Federal income tax return for the year 1973. [1] On that return petitioner claimed credit for taxes paid in the amount of *336 $226.91 which he labeled "Anti-War Tax." Petitioner represented himself at the trial and the only evidence he presented, in addition to the stipulation of facts, was his own testimony, which he read from a prepared statement. The gist of petitioner's testimony was that he was not claiming that he did not owe the deficiency in tax nor was he, in this proceeding, contesting the legality of the law under which the tax was imposed, but rather that his refusal to pay a portion of the tax was an act of civil discobedience motivated by his religious belief that he should in no way participate in acts of violence against God or his fellow man. He therefore made an effort to determine what percentage of the Federal budget for 1973 was allocated to defense. He determined this to be 35 percent so he claimed a credit of 35 percent of the tax he would otherwise have owed. OPINION We were impressed with petitioner's sincerity in his beliefs but must conclude that those beliefs do not relieve petitioner of his obligation to pay the Federal income tax which he, indeed, admits that he owes under the law. This Court has consistently *337 held that taxpayers are not entitled to war-crime deductions based upon moral principles against war and violence. Susan Jo Russell,60 T.C. 942 (1973), Abraham J. Muste,35 T.C. 913 (1961), [2] It has also been held that the free exercise of religion clause of the First Amendment to the Constitution does not support such taxpayers' claims, Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. den. 397 U.S. 1036 (1970); Susan Jo Russell,supra, nor does it justify noncompliance with the tax laws. United States v. Malinowski,472 F.2d 850 (3rd Cir. 1973), cert. den. 411 U.S. 970 (1973). In fact this Court has recently held that a taxpayer's moral, religious, and ethical beliefs against war and violence did not give him the requisite personal stake in the outcome of controversies involving alleged violations of international law to give him standing to raise issues with respect thereto. Lorna H. Scheide, 65 T.C. - (Dec. 2, 1975). See also John David Egnal, 65 T.C. - (Nov. 4, 1975). And in Farmer v. Rountree,149 F.Supp 327 (D.C. Tenn. 1956), *338 affd. 252 F.2d 490 (1958), cert. den. 357 U.S. 906 (1958), it was held that no taxpayer has the right to have the judiciary conduct an inquiry into the military policy of the Government or to review or reexamine the appropriations made by Congress for military and defense purposes.
The principles and rationale expressed in the above cases are equally applicable to this case and preclude the allowance of an anti-war tax credit to petitioner. There is no provision in the Internal Revenue Code allowing such a credit. See Susan Jo Russell,supra.Nor does a taxpayer have a constitutional right to withhold the payments of taxes. Abraham J. Muste,supra;Autenrieth v. Cullen,supra.To allow an individual the right to refuse to comply with the income tax laws of this *339 country and refuse to pay the tax he owes because he disagrees with the policies of the Federal Government and the manner in which it expends its revenues, would be to create chaos and to destroy the ability of the Government to raise revenue, to maintain an orderly society, and to assure national security. Susan Jo Russell,supra.
The determination of respondent is sustained. Decision will be entered for the respondent in the amount of $276.24.
Footnotes
1. Where the return was filed is not revealed by the record.↩
2. See also the following Memorandum Opinions of this Court: Bonnie and Curry First,T.C.Memo. 1976-36; Constance W. Bouck,T.C.Memo. 1975-352; Frances J. Costello,T.C.Memo. 1975-55, affd. - F.2d - (2d Cir. Nov. 20, 1975); John H. Ginaven,T.C.Memo. 1975-49↩.