WADE HOWARD WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 4364-75
United States Tax Court
T.C. Memo 1976-201; 1976 Tax Ct. Memo LEXIS 203; 35 T.C.M. (CCH) 869; T.C.M. (RIA) 760201; June 22, 1976, Filed *203 Petitioner, on his tax returns for the years in issue, claimed war crimes deductions. Held: Respondent's disallowance of these deductions is sustained. Wade Howard Wright, Pro se. Dale Eggleston, for the repsondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1972 and 1973 in the amounts of $315 and $895, respectively. Due to concessions by the parties the sole issue before us is whether petitioner is entitled to conscientious citizen deductions taken by him as a means of protesting against the war in Southeast Asia. All of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Wade Howard Wright, resided in Baltimore, Maryland at the time he filed his petition herein. Petitioner filed federal income tax returns with the internal revenue service for the calendar years 1972 and 1973. On his returns for 1972 and 1973, petitioner claimed itemized deductions as a conscientious citizen in the amounts of $1,385.83 and $2,221.36, respectively. *204 Respondent disallowed these deductions on the ground that the Internal Revenue Code did not authorize such a deduction. Petitioner argues that his tax liability for the years in issue was obviated because, during these years, the United States' participation in the Vietnam War was in violation of the United States Constitution, international treaties, and the Nuremberg Principles. He further maintains that to deny him standing would deprive him of a forum in which to prosecute his claim thereby depriving him of due process of law. We have consistently held that a taxpayer is not entitled to a "war crimes" deduction no matter how sincere his moral revulsion against war and violence. Simply stated, a taxpayer's objection to the policies of the Federal Government is not a sufficient basis for relieving him of his tax liability whether that objection be grounded in the First Amendment of the Constitution, treaties, international law, or the Nuremberg Principles. Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961); John David Egnal,65 T.C. 255 (1975); Lorna H. Scheide,65 T.C. 455 (1975). *205 See also United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973) cert. den. 411 U.S. 970 (1973); Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), cert. den. 397 U.S. 1036 (1970). Furthermore, the arguments raised by petitioner were recently considered and rejected by us in Egnal,supra, and Scheide,supra. In the latter case we held that the taxpayer therein lacked standing to raise issues of violations of international law. See also Flast v. Cohen,392 U.S. 83 (1968). We adhere to these decisions and hold that our so doing does not deprive petitioner of due process of law. See John David Egnal,supra, at 259; Robert L. Anthony,66 T.C. 312 (1976). Decision will be entered for the Respondent.