CHARLES E. HECHT and MARY V. HECHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hecht v. Commissioner
Docket No. 9844-76.
United States Tax Court
T.C. Memo 1977-76; 1977 Tax Ct. Memo LEXIS 367; 36 T.C.M. (CCH) 351; T.C.M. (RIA) 770076; March 22, 1977, Filed *367 Charles E. Hecht, pro se. Alan J. Garfunkel, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $2,052.03 in petitioners' Federal income tax for 1974. The sole issue for determination is whether petitioners are entitled to a miscellaneous deduction in the amount of $7,262.78 for "Refusal to support War Crimes and preparation for genocide." Respondent has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
Petitioners, Charles E. Hecht and Mary V. Hecht, resided in Brooklyn, New York, at the time their petition was filed in this case. Petitioners filed their joint Federal income tax return for the calendar year 1974 with the internal revenue service center for the North-Atlantic Region. The petitioners in their petition have alleged: a) On December 11, 1946 the General Assembly of the United Nations unanimously affirmed "the principles of international law recognized by the Charter of the Nuremberg Tribunal and the judgement of the Tribunal." These principles include definitions of the crimes listed under 4a, 4b and 4c above. [Crimes against peace, humanity *368 and war crimes.] b) The U.S. government's crimes against peace include the violation of the Geneva accords on Viet Nam of July 21, 1954, the overthrow of the peace-keeping government of Cambodia in March, 1970, etc. c) The U.S. government's war crimes in South East Asia have been widely documented for every year since at least 1965 and indeed assumed the proportions of genocide. Throughout 1974 the U.S. government acted in violation of the Paris Accords on Viet Nam signed by it in January 1973. d) The U.S. government's crimes against humanity are those under 5c above but also include a continuing conspiracy for the accomplishment of genocide via the use of nuclear weapons against the U.S.S.R., China, and possibly other targets. e) Complicity in the commission of any of the crimes defined by the Charter of Nuremberg Tribunal is defined as a crime under International law (Principle VII of the Nuremberg Principles) and is subject to suitable penalties. In short, petitioners argue that the payment of their entire Federal income tax liability would violate international law, including the Nuremberg Principles, as well as the United States Constitution. [1]
*369 It has been well established that religious or moral objections to policies of the Federal government do not absolve petitioners from any portion of their income tax liability, whether expressed in terms of the United States Constitution, international law, or Nuremberg Principles. Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Lorna H. Scheide,65 T.C. 455 (1975); John David Egnal,65 T.C. 255 (1975); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961); cf. United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); see also Flast v. Cohen,392 U.S. 83 (1968); Robert L. Anthony,66 T.C. 367 (1976). The pleadings do not raise a genuine issue of material fact. The issue raised is one of law, and under the applicable precedents, petitioners are not entitled to relief. Consequently, respondent's motion for judgment on the pleadings will be granted. Decision will be entered for the respondent. Footnotes
1. Petitioners have raised these identical issues in previous cases before the Court involving different years. (See T.C. Memo 1975-25 and T.C. Memo 1976-2↩.) We then found those arguments unpersuasive, and despite their adherence to their position, we continue to find their position without legal merit.