ROBIN HARPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Harper v. Commissioner
Docket No. 5380-76.
United States Tax Court
T.C. Memo 1977-203; 1977 Tax Ct. Memo LEXIS 241; 36 T.C.M. (CCH) 856; T.C.M. (RIA) 770203; June 29, 1977, Filed Robin Harper, pro se. Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1972, 1973, and 1974 in the amounts of $1,148, $1,522.21, and $1,768.03, respectively. Respondent also determined additions to tax under section 6653(a) [1] in the amounts of $57, $76, and $88, respectively, and under section 6654 in the amounts of $37, $49, and $57, respectively. At issue is whether petitioner is (1) entitled to a miscellaneous deduction for each year in question for "crimes against peace in Indochina," and (2) liable for the additions to tax in *242 each year under section 6653(a) on the ground of "negligence or intentional disregard of rules and regulations," and under section 6654 for underpayment of estimated tax. Respondent has moved for partial summary judgment under Rule 121, Tax Court Rules of Practice and Procedure.
Petitioner Robin Harper resided i n West Grove, Pennsylvania, at the time he filed his petition in this case. He filed his individual Federal income tax returns for the taxable years 1972, 1973, and 1974 with the Internal Revenue Service Center at Philadelphia, Pennsylvania. In 1972 he claimed a miscellaneous deduction for "war crimes" in the amount of $6,197.87. In 1973 and 1974 he claimed miscellaneous deductions for "U.S. Crimes Against Peace in Indochina" in the amounts of $7,471.47 and $8,774, respectively. Respondent's deficiencies resulted, in part, from the disallowance of these claimed miscellaneous deductions. In his petition Mr. Harper has alleged: Under applicable principles of both national and international law, the United States government has been engaged, during the years in question, in the pursuit of criminal objectives, and it has pursued these objectives by criminal means. International *243 law prohibits a human being from voluntarily acting in complicity with such criminal activities, even where the action is required by the law of the nation involved (i.e., the Internal Revenue Code). Since the providing of financial support to a criminal enterprise is a clear act of complicity, the refusal to pay taxes, during the years in question, was required by international law. Under the United States Constitution, each American is guaranteed the right to free exercise of religion. In light of the immoral uses that the United States government has made of taxes during the years in question and in light of the taxpayer's religious beliefs which require him to refuse to participate, in any way, in such immoral conduct, it is the taxpayer's position that no tax liability may constitutionally be imposed upon him. … I have consistently assessed myself and paid an alternative peace tax, equivalent to my share of income tax, ever since I began principled war tax resistance in 1958. For the years presently under consideration, I have paid my (alternative) federal income tax to society as follows: Annual Year
Recipients
Amount
Total
1972
Brandywine War Tax Resistance
Alternative Fund
754.00
Fellowship of Reconciliation
Buddhist Relief Work in
(S. Vietnam)
327.20
1081.20
1973
Brandywine War Tax Resistance
Alternative Fund
1250.00
Philadelphia War Tax Resistance
Alternative Fund
225.00
1475.00
1974
Brandywine Alternative Fund
(formerly Brandywine War Tax
Resistance Alternative Found)
1511.00
Philadelphia War Tax Resistance
Alternative Fund
200.00
1711.00
*244 (Copies of these cancelled checks have been attached to my federal income tax returns for the years in question.) To summarize, petitioner asserts that payment of his Federal income tax liability would violate international law and would deny him religious freedom and moral conviction. Because he believes the United States government has not been responsive to the needs of its citizens, he is paying an "alternative Tax" directly to certain groups within his community in lieu of paying his Federal income tax. At the hearing on the motion for partial summary judgment the petitioner submitted a statement of his views and presented his arguments. While we appreciate the sincerity of petitioner's beliefs and convictions, the principle is now well established that a taxpayer is not absolved from any portion of his Federal income tax liability on the basis of religious or moral objections to governmental policies. [2] This is true regardless of whether the objection is phrased with respect to the United States Constitution, tenets of international law, or Nuremberg Principles. Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), cert, denied 397 U.S. 1036 (1970); *245 Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961); cf. United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); see also Flast v. Cohen,392 U.S. 83 (1968); Anthony v. Commissioner,66 T.C. 367. Petitioner's designation of an "alternative tax" is also without merit. The ability and power of the government to function is not subject to each citizen's decision on whether to grant direct approval of the government's use of money. In Russell v. Commissioner,supra at 947, this Court stated: … the payment of an "alternative tax" to the community has no *246 bearing on the tax liability of the petitioner. It is Congress, not the petitioner, that has been granted the power to tax and to spend for the general welfare, as well as for other purposes, under article I, section 8, of the Constitution. Accordingly, we sustain the deficiencies determined by the respondent.
We also sustain respondent's determination of the additions to tax under sections 6653(a) and 6654. Petitioner's good faith alone does not relieve him from liability under these sections. See United States v. Malinowski,supra; Harper v. Commissioner,T.C. Memo. 1973-214. Accordingly, the respondent's motion for partial summary judgment will be granted. To permit the parties to resolve minor adjustments in the deficiency computations, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Petitioner has raised the same issues in two prior cases. Harper v. Commissioner,T.C. Memo. 1973-214, affd. in unpublished opinion (3rd Cir. 1974); Harper v. Commissioner,T.C. Memo. 1974-117↩. We previously found his position without legal merit. We have not changed our mind.