RONALD R. SOESTER and FAYE SOESTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Soester v. Commissioner
Docket No. 10193-76.
United States Tax Court
T.C. Memo 1977-385; 1977 Tax Ct. Memo LEXIS 57; 36 T.C.M. (CCH) 1565; T.C.M. (RIA) 770385; November 3, 1977, Filed *57 Ronald R. Soester, pro se. Ronald M. Frykberg, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: In this case, the Court on its own motion dismissed the proceeding for failure to prosecute pursuant to Rule 123(b), Tax Court Rules of Practice and Procedure. This case involves a deficiency of $24,386 in petitioners' 1973 Federal income tax return and an addition to the tax under section 6653(a) [1] of $1,219. Ronald R. and Faye Soester, hereinafter referred to as petitioners, were residents of Marsland, Nebraska, at the time the petition herein was filed. Petitioners refused to provide the Internal Revenue Service with information to substantiate their basis in certain property sold in 1973 or to support certain deductions claimed on their Federal income tax return for the taxable year 1973. Respondent, accordingly, determined the above-listed deficiency and additions to the tax. The case was called from the calendar for the trial session of the Court on September 19, 1977, and September 20, 1977, and petitioner refused to produce his records *58 for the purposes of the case, contending that the Government is not entitled to examine his records. In their petition, petitioners assert various objections to respondent's determination of tax set forth in the notice of deficiency. Petitioners base their objections on various sources, including King James Bible, the United States Constitution and the Federalist papers. These arguments are, at best, frivolous. Many of the issues raised by petitioners have been fully discussed in numerous prior opinions of this Court and other courts. United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Hatfield v. Commissioner, 68 T.C.     (September 12, 1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd.     F.2d     (3rd Cir. 1977); Riverfront Groves, Inc. v. Commissioner,60 T.C. 435 (1973); Muste v. Commissioner,35 T.C. 913 (1961). Petitioner must pay his taxes, and no amount of disagreement with Government policy or action will exempt him. *59 The burden of proof is on petitioners to disprove the Commissioner's determination. Welch v. Helvering,290 U.S. 111 (1933). Since petitioners refuse to produce any records, the Court must dismiss this case for petitioners' failure to prosecute. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩