BETH WIDZOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Widzowski v. Commissioner
Docket No. 3122-75.
United States Tax Court
T.C. Memo 1978-35; 1978 Tax Ct. Memo LEXIS 479; 37 T.C.M. (CCH) 197; T.C.M. (RIA) 780035; January 26, 1978, Filed *479 Petitioner claimed four dependency exemptions on her 1973 Individual Income Tax Return as a protest to United States involvement in Viet Nam and United States military spending generally. Petitioner also sought to deduct certain educational expenditures. Held, petitioner's dissatisfaction with United States involvement in Viet Nam and United States military spending generally is not a valid basis on which to claim additional dependency exemptions. Held,further, in claiming such exemptions petitioner intentionally disregarded rules and regulations with respect to income taxes justifying application of an addition to tax under section 6653(a). Held,further, educational expense deduction disallowed. Beth Widzowski, pro se. Richard S. Kestenbaum, for the respondent. IRWIN
MEMORANDUM *480 FINDINGS OF FACT AND OPINION IRWIN, Judge: The Commissioner determined a deficiency of $600 in petitioner's Federal income tax for the calendar year 1973, and an addition to tax in the amount of $30 under section 6653(a) [1] for that same calendar year. The issues which remain for our decision are: (1) whether petitioner, a single taxpayer having no dependents, is entitled to four dependency exemptions in addition to the one allocable to herself based solely on her dissatisfaction with United States involvement in Viet Nam and with United States military spending generally; (2) whether petitioner is entitled to deduct a $240 payment made to the LaSalle Extension University as an educational expense; and (3) whether petitioner is liable for an addition to tax under section 6653(a) due to "negligence or intentional disregard of rules and regulations." FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts along with attached exhibits are incorporated herein by this reference. Petitioner resided in Cohoes, N.Y., at the *481 time of filing her petition herein. Although it is not clear from the record where she filed her Federal income tax return for the year 1973, she also resided in Cohoes, N.Y., at that time. Petitioner's filing status for her 1973 Individual Income Tax Return was "single." On her return, she claimed four exemptions in addition to the one she claimed for herself. She contended that her refusal to pay a portion of the taxes she would otherwise owe was legitimate based on her objection to United States involvement in the war in Viet Nam, as well as her objection to military spending generally. Additionally, at trial she asserted that she had erroneously equated the term "exemption" with the term "deduction" and because she had four groups of deductions--medical expenses, sales taxes, contributions, and education--in addition to a personal exemption for herself, she believed she was entitled to claim a total of five exemptions.
Petitioner graduated from college with a degree in education in 1970. During the calendar year 1973 she was an employee of St. Anne's Institute, a treatment center for female adolescent wards of the court. During that period she took a number of courses, *482 most of which led to her obtaining a masters degree in the field of social welfare. The impetus for her to continue her education came not from her employer, but rather from the Association of Child Care Workers, a organization with which petitioner was associated. Respondent initially disallowed petitioner's entire educational expense deduction. However, on brief he concedes all but $240 which petitioner paid for a real estate course to be taken from LaSalle Extension University (at the time of trial petitioner had not yet taken the course). Petitioner testified she signed up for the course "because I thought the most severe discrimination against a minority group in the north was in housing. And the only way I would understand all of that was to understand real estate." OPINION We have dealt with the protest issue on innumerable previous occasions, one of which involved the taxpayer now before us. Widzowski v. Commissioner,T.C. Memo. 1975-201. What we said there is equally applicable to the case now before us-- alleged violations of international law by the United States in the conduct of its foreign relations do not exempt a taxpayer from complying *483 with the tax laws. Abraham J. Muste,35 T.C. 913 (1961). Petitioner's objection on moral grounds to the use of tax revenues for war purposes does not form the basis of a constitutional right not to pay a part of her income tax. See Susan Jo Russell,60 T.C. 942 (1973); see also Autenrieth v. Cullen,418 F. 2d 586 (C.A. 9, 1969). * * * As for petitioner's deduction of her educational expenditure to take a real estate course, section 1.162-5(a), Income Tax Regs., states: (a) General rule. Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses * * * if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. We believe petitioner's educational expenditure incurred to take a real estate course was not made to maintain or improve the skills required *484 of her in the field of child care. And since petitioner stated that her employer did not require any of the courses which she took as a condition of her employment, we can find no basis on which to allow the deduction. Finally, we are faced with the issue of whether the underpayment by petitioner was due to negligence or intentional disregard of the rules and regulations applicable to the preparation of income tax returns. Section 6653(a). Petitioner initially testified that the basis of her underpayment was to protest United States military spending.Certainly this is an intentional disregard for the rules and regulations and is nonetheless so because of the sincerity of petitioner's convictions. As for her alleged belief that deductions were to be equated with exemptions, we think this error rises to a standard of negligence. The Individual Income Tax Return is fairly clear in making the distinction between an exemption and a deduction. Given petitioner's education, we find it difficult to believe she could reasonably have made the error claimed. As such, we must uphold the Commissioner's assessment of the addition to tax. Decision will be entered under Rule 155. *485 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the taxable year in issue.↩