JACK A. CUMBEE, JR., and JUDITH C. CUMBEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cumbee v. Commissioner
Docket No. 9248-76.
United States Tax Court
T.C. Memo 1978-263; 1978 Tax Ct. Memo LEXIS 251; 37 T.C.M. (CCH) 1139; T.C.M. (RIA) 78263; July 18, 1978, Filed *251 Jack A. Cumbee, Jr., and Judith C. Cumbee, pro se. Robert D. Kaiser, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 1,128 in petitioners' Federal income tax for 1974. The sole issue for determination is whether petitioners have a Constitutional right not to pay their Federal income tax when Congressional appropriations of tax revenue are contrary to their religious beliefs. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, Jack A. Cumbee, Jr., and Judith C. Cumbee, husband and wife, resided in Lake Orion, Mich., at the time of filing their petition herein. Based on their religious tenets, the couple claimed a $ 1,128 tax credit on their 1974 joint income tax return. Respondent, in his statutory notice of deficiency, disallowed the credit in its entirety. OPINION While petitioners' argument in support of their claimed tax credit has several facets, essentially it is as follows: The use of petitioners' tax dollars for military defense equipment and overseas operations constitutes an impermissible burden on the free exercise of their *252 religious beliefs. Therefore, when the rights protected by the freedom of religion clause of the First Amendment to the Constitution come into conflict with the obligations imposed by the Federal tax laws, the right to freedom of religion must prevail. Consequently, petitioners have a Constitutional right not to pay their Federal income tax when such revenue will be used for objectionable purposes. While we recognize that petitioners are sincere and dedicated to their beliefs, it is well established that religious or moral objections grounded on the First Amendment do not relieve petitioners from payment of any portion of their Federal income tax. Autenrieth v. Cullen,418 F.2d 586, 588 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Anthony v. Commissioner,66 T.C. 367, 373 (1976); Egnal v. Commissioner,65 T.C. 255, 262 (1975); Russell v. Commissioner,60 T.C. 942, 945 (1973); Muste v. Commissioner,35 T.C. 913, 918 (1961); see also Scheide v. Commissioner,65 T.C. 455, 458 (1975). [1]
*253 Decision will be entered for the respondent. Footnotes
1. Moreover, petitioners' apparent willingness to pay an alternative tax has no bearing on their Federal income tax liability. Egnal v. Commissioner,65 T.C. 255, 263 (1975); Russell v. Commissioner,60 T.C. 942, 947↩ (1973).