JAMES M. CAMPBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Campbell v. Commissioner
Docket No. 8100-79.
United States Tax Court
T.C. Memo 1980-345; 1980 Tax Ct. Memo LEXIS 237; 40 T.C.M. (CCH) 1080; T.C.M. (RIA) 80345; August 28, 1980, Filed *237 Held, petitioner's "war tax deduction" denied. Jan Pierce, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $137 in petitioner's 1977 Federal income taxes. The deficiency resulted from respondent's disallowance of a "war tax deduction" in the amount of $3,050. Respondent has moved for judgment on the pleadings pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Petitioner was a resident of Eugene, Oregon when he filed his petition herein. Petitioner's 1977 Federal income tax return was filed with the Internal Revenue Service Center, Ogden, Utah. Petitioner in his petition alleged that the payment of his entire tax liability would cause petitioner to be in "complicity in the commission of crimes" with the United States and thus in violation of international law. [1] As an alternative petitioner paid 53 percent of his 1977 tax liability (the percentage of the 1977 Federal budget used for war and war related expenditures, according to petitioner) to the White Bird Sociomedical Aid Station of Eugene, Oregon. *238 At the hearing on respondent's motion for judgment on the pleadings (at which petitioner did not appear), we granted respondent's motion for the following reasons. It is clear that religious or moral objections to the policies of the Federal government do not excuse taxpayers from any portion of their Federal income tax liability, [2] whether such objections are expressed in terms of the United States Constitution or international law. Autenrieth v. Cullen, 418 F.2d 586 (9th Cir, 1969), cert. denied 397 U.S. 1036 (1970); Egnal v. Commissioner, 65 T.C. 255 (1975); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1962). While we have no doubt as to the sincerity of petitioner's beliefs, the pleadings simply do not raise a genuine issue of fact. Petitioner is not entitled to a "war tax deduction" and accordingly we sustain respondent's determination. Decision *239 will be entered for the respondent. Footnotes
1. Petitioner raised the identical issue in a previous case before this Court involving 1974. T.C. Summary Opinion 1977-163, (May 3, 1977).↩
2. Respondent has not asserted herein that petitioner lacks standing to challenge the Federal government's spending of tax revenues. See Anthony v. Commissioner, 66 T.C. 367↩ (1976).