BREEZE BREZINA MONTANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Montane v. Commissioner
Docket No. 898-80
United States Tax Court
T.C. Memo 1981-163; 1981 Tax Ct. Memo LEXIS 584; 41 T.C.M. (CCH) 1228; T.C.M. (RIA) 81163; April 6, 1981. *584 Breeze Brezina Montane, pro se. Carmen J. Santamaria, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 700 deficiency in petitioner's 1978 income tax, the entire amount of which is in dispute. The sole issue is whether petitioner is entitled to an itemized "religious conscientious tax objection deduction." FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Breeze Brezina Montane had ordinary income of $ 7,439.79 in 1978. On his 1978 income tax return petitioner claimed a "religious conscientious tax objection deduction" of $ 7,439.79 as a miscellaneous itemized deduction. As a result of this deduction petitioner reported no tax liability for 1978. In his notice of deficiency respondent disallowed petitioner's deduction. OPINION The sole issue is whether petitioner is entitled to a "religious conscientious tax objection deduction." Petitioner asserts that he is entitled to this deduction based on his First Amendment right to freedom of religion. It is petitioner's position that his freedom of religion is invaded by requiring him to pay taxes which will *585 be spent for purposes in conflict with his religious beliefs. Petitioner is aware of other cases directly on point which are contrary to his position. We see no reason to recite a litany of cases which have repeatedly held against taxpayers with arguments similar to petitioner's. See e.g., Autenrieth v. Cullen, 418 F. 2d 586 (9th Cir. 1969). Suffice it to say, petitioner's argument is without merit. Decision will be entered for the respondent.