Fyke FARMER, Appellant,

v.

J. M. ROUNTREE, Director of Internal Revenue, et al., Appellees.

Fyke FARMER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 13198, 13199.

United States Court of Appeals
Sixth Circuit.

Feb. 12, 1958.

As Amended on Denial of Rehearing March 13, 1958.

Fyke Farmer, Nashville, Tenn., in pro per.

Sheldon I. Fink, Washington, D. C., Charles K. Rice, Lee A. Jackson, A. F. Prescott and Sheldon I. Fink, Washington, D. C., Fred Elledge, Jr., U. S. Atty. Nashville, Tenn., on the brief, for appellees.

Before McALLISTER, MILLER, and STEWART, Circuit Judges.

PER CURIAM.

These are appeals from judgments of the District Court dismissing appellant's complaint and granting appellee's motion for judgment on the pleadings. Appellant filed his complaint for judgment declaring his immunity, in substantial part, from income tax liability for the year 1949, and to enjoin collection of the income taxes assessed against him for that year.

He based his claim on the ground that the military and foreign policies of the United States, since World War II, including the prosecution of the Korean War, were designed and carried out in violation of international law, and were, therefore, illegal and void; and that he had the right to refuse payment of two-thirds of his income tax for the reason that the said revenue had been illegally appropriated by Congress for such illegal purposes, and that only one-third of such revenue had been appropriated for the legal and Constitutional functions of the government. The district court held that this claim involved the resolution of political questions, and that courts had no right or authority to resolve such questions; that, under the Constitution of the United States, Congress is vested with the exclusive right to levy taxes and to appropriate public revenue for the common defense and general welfare of the country, and to provide for, and maintain the Army and Navy; and that it has the exclusive authority to determine the requirements of national defense and the amount of tax revenue to be used for defense or military purposes. The court further held that the foreign policy of the United States is the exclusive province of the executive and legislative branches of the government; and that the court lacked jurisdiction to adjudicate the claims set forth by appellant. With respect to a contention that the prior order of a district judge, overruling the motions to dismiss, constituted the law in the case, the district court held that such order was, in effect, a reservation of a ruling upon the question of jurisdiction.

The copious briefs of appellant disclose an extensive knowledge of the foreign relations and policies of the United States government. The claims set forth in the complaint, however, involved political and governmental questions which are confided by the Constitution to the legislative and executive branches of the government, and over which the courts have no jurisdiction.

We agree with the government's contention, also, that the prior order overruling motions to dismiss, did not constitute the law of the case.

All of these contentions were fully considered and determined in the opinion of Judge William E. Miller, reported in D.C., 149 F.Supp. 327, with which we concur; and the judgment of the district court is, accordingly, affirmed for the reasons set forth in that opinion.