**Donald KALISH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22886.**

United States Court of Appeals
Ninth Circuit.

April 23, 1969.

George T. Altman (argued), Beverly Hills, Cal., for appellant.

Lester B. Snyder (argued), Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Martin T. Goldblu, Attys., Dept. of Justice, Washington, D. C., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

We affirm the action of the district court in granting appellee's motion to dismiss.

This case involves a claim for refund of Federal Excise Tax in the amount of $4.92 paid by the appellant for telephone service, because he claims that the taxing statute (Tax Adjustment Act of 1966, P.L. 89–368, 80 Stat. 38, 66, §

---

* American Mutual Liability Insurance Co. v. State Farm Mutual Automobile Insurance Co., 293 F.Supp. 256 (W.D.Va. 1968).

* Hon. Gus J. Solomon, Chief Judge, United States District Court, Portland, Oregon, sitting by designation.

202(a)) is unconstitutional in that Congress was motivated to enact the statute to raise funds for use in the Vietnamese war effort. From that platform appellant launches an attack on the constitutionality of the Vietnam war. We do not reach the constitutional questions, because appellant cannot thus raise them. (*Cf.* Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).) He has established the first nexus required (a taxpayer attacking a federal spending program) but not the second required nexus, because there was no allegation that Congress, in enacting the Tax Adjustment Act of 1966, "had breached a specific limitation upon its taxing and spending power." *Id.* at 104–105, 88 S. Ct. at 1955. Hence, appellant had no standing to sue.

■ Nothing on the face of the statute states the purpose for which the revenue will be used. It is merely a general excise tax statute. We will not probe the legislative history to unearth a claimed improper motive in the enactment of a statute to overturn an otherwise valid statute. (United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673) *See also:* Luftig v. McNamara, 126 U.S.App.D.C. 4, 373 F.2d 664 (1967); United States v. Hogans, 369 F.2d 359, 360 (2d Cir. 1966).