JOHN H. ROZENDAAL and ARDYCE J. ROZENDAAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rozendaal v. Commissioner
Docket No. 3247-75.
United States Tax Court
T.C. Memo 1976-260; 1976 Tax Ct. Memo LEXIS 142; 35 T.C.M. (CCH) 1138; T.C.M. (RIA) 760260; August 19, 1976, Filed *142 Petitioners took a "war crimes deduction" on their joint income tax return for the calendar year 1973. Held, petitioners' free exercise of religion is not unconstitutionally infringed by the imposition of tax on their income, even though such tax may be used for military purposes. Susan Jo Russell,60 T.C. 942 (1973), and Abraham J. Muste,35 T.C. 913 (1961), followed. John H. Rozendaal, pro se. Robert D. Kaiser, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $167.32. The sole issue presented is whether petitioners are entitled to take a "war crimes deduction" in the amount of $1,072 for the year in question. The case is before us on respondent's "Motion for Judgment on the Pleadings" filed February 3, 1976. At the hearing on the motion the parties filed a stipulation of facts and testimony was taken. Because of the consideration of facts and evidence outside the pleadings, respondent's motion shall be treated as one for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure. *143 See Rule 120(b), Tax Court Rules of Practice and Procedure. The parties agree that there are no genuine issues of fact to be decided. Petitioners John H. and Ardyce J. Rozendaal resided in Okemos, Mich., at the time of filing the petition in the present case. On their joint income tax return for the calendar year 1973 petitioners claimed a "war crimes deduction" of $1,072. Petitioners acknowledged in their return that the deduction "does not represent an amount actually spent by us." Rather they noted that the deduction reduced the taxes they would otherwise have had to pay by 42.5 percent, a percentage equivalent to that portion of the 1973 Federal budget petitioners felt was spent on "war and/or war-preparedness." Petitioners are sincere, conscientious objectors to war and other forms of violence. Respondent disallowed the deduction claiming it was not allowed under any provision of law. Respondent now asserts the additional ground that petitioners lack standing to litigate the issues they have raised. Petitioners are Christians whose religious convictions lead them to actively pursue peace and reject war and violence. It is their contention that the deduction sought *144 for "war crimes" is permitted by the free exercise of religion clause of the First Amendment to the Constitution. They ask the Court to read the Constitution in such a manner as to exempt a taxpayer from paying that portion of his taxes which would be used to sustain the "military establishment" when such payment "would be a violation of his/her conscience." Additionally, petitioners claim they have standing to raise the issue of the constitutionality of the Internal Revenue Code of 1954 at the point of its failure to discriminate between persons who cannot, because of their religious beliefs, contribute to the support of military forces and those persons who can, * * * While petitioners have labeled their deduction a "war crimes deduction," we think it important to note that they are not contesting congressional authority to raise and support an army and navy (under clauses 12 and 13 of Article 1, section 8, of the Constitution), nor are they raising the allegation of criminal activity on the part of the United States as a justification for the nonpayment of taxes. Initially, we address the question of standing. "Standing" is a legal concept difficult of precise definition. *145 Generally speaking, a party has standing to litigate an issue when that party has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions. [Baker v. Carr,369 U.S. 186, 204 (1962)]
And as stated in Ex parte Albert Levitt,302 U.S. 633, 634 (1937): * * * It is an established principal that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public. * * * [Emphasis supplied.] See also Schlesinger v. Reservists to Stop the War,418 U.S. 208, 220 (1974); Sierra Club v. Morton,405 U.S. 727, 740-741, Fn. 16 (1972). For Federal taxpayers challenging the constitutionality of congressional expenditures, the Supreme Court has enumerated the requisites *146 of standing in a more definite form. In Flast v. Cohen,392 U.S. 83 (1968), the Court stated: * * * First, the taxpayer must establish a logical link between that status and the type of legislative enactment attacked. Thus, a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. 1, § 8, of the Constitution. * * * Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power * * * [392 U.S. at 102-103.] Undoubtedly, petitioners have "standing" in the sense that they have the right to contest the tax imposed upon them. Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969); see also John David Egnal,65 T.C. 255, 257 (1975). Certainly, they are in immediate danger of sustaining an economic loss (in the form of a tax). But the question also arises whether *147 petitioners have standing to raise the issues (i.e., defenses) they ask us to adjudicate. Autenrieth v. Cullen,supra at 588. Cf. Kalish v. United States,411 F. 2d 606 (9th Cir. 1969), certiorari denied 396 U.S.
835 (1969). In this regard, we have previously held that taxpayers do not have standing to raise the legality or constitutionality of the Vietnam War as a defense against the payment of taxes. Lorna H. Scheide,65 T.C. 455 (1975). See also John David Egnal,supra, where we expressed serious doubts on the standing of taxpayers to raise similar issues. In the present case, however, petitioners are not raising issues regarding the legality of war or other military activities. Petitioners simply contend that requiring them to pay their full share of taxes violates the religious freedoms granted to them by the First Amendment of the Constitution. We have little doubt that petitioners have standing to raise their religious beliefs as a defense against the asserted tax deficiencies. [1] However, it is unnecessary to resolve the standing question. For even if petitioners have standing, their *148 arguments cannot prevail on the merits. We have previously addressed the question whether the Internal Revenue Code unconstitutionally infringes upon the free exercise of religion of those individuals whose religious beliefs render them unwilling to pay a portion of their taxes because the revenues raised may be used for military purposes. We held there was no unconstitutional infringement. Abraham J. Muste,35 T.C. 913 (1961). See also Robert L. Anthony,66 T.C. 367 (1976), and Susan J. Russell,60 T.C. 942 (1973). We do so again here. The tax imposed on petitioners' income does not directly restrict the free *149 exercise of their religion even though a portion thereof may be used for military purposes. Also, we reject, as a basis for allowing the claimed "war crimes deduction," petitioners' argument that their consciences prevent them from paying their full share of taxes. Abraham J. Muste,supra at 919. [2]
Congress has made no provision for a "war crimes deduction" such as petitioners seek here, nor is such a deduction compelled by the free exercise of religion clause of the First Amendment of the Constitution. As we stated in Susan J. Russell,supra at 946-947: * * * The requirement that the petitioner bear her fair share of the income tax does not interfere with the right to exercise her religion. * * * To allow a taxpayer to choose not to pay a tax because of her religious beliefs or her disapproval of the policies of the United *150 States would create chaos and destroy the ability of the Government to raise revenue, to maintain an orderly society, and to assure national security. * * * Because petitioners' arguments lack substantive merit, respondent's motion is granted. Decision will be entered for the respondent. Footnotes
1. See Robert L. Anthony,66 T.C. 367 (1976), where we reaffirmed our holding in Lorna H. Scheide,65 T.C. 455 (1975), that taxpayers, as such, do not have standing to litigate controversies involving alleged violations of international law. We note, however, that in Anthony↩ we went on to reach the merits of the second issue therein: whether the tax imposed on the taxpayer restricted the free exercise of his religion. That second issue is essentially the same issue we have here.
2. We note, as the Supreme Court pointed out: * * * Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed. [New Colonial Co. v. Helvering,292 U.S. 435, 440↩ (1934).]