FREDERICK A. DODGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dodge v. Commissioner
Docket No. 5763-75.
United States Tax Court
T.C. Memo 1978-42; 1978 Tax Ct. Memo LEXIS 476; 37 T.C.M. (CCH) 222; T.C.M. (RIA) 780042; January 30, 1978, Filed *476 Held, petitioner is not entitled to a war crimes deduction. Frederick A. Dodge, pro se. Robert E. Casey, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1973 in the amount of $476.14. The sole issue for decision is whether petitioner is entitled to a war crimes deduction in the amount of $2,550. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Frederick A. Dodge, was a resident of Honolulu, Hawaii at the time of filing the petition herein. Petitioner and his wife, Aiko M. Dodge, timely filed a joint Federal income tax return for the 1973 taxable year with the internal revenue service center, Fresno, California. The statutory notice of deficiency, upon which this case is based, was addressed and mailed to both petitioner and his wife. Aiko M. Dodge did not file a petition with this Court and she is, therefore, not a party to this proceeding. Respondent in *477 his notice of deficiency, dated April 10, 1975, disallowed a war crimes deduction in the amount of $2,550 claimed by petitioner on his 1973 return. OPINION Petitioner asserts that "[in] order to raise a legal issue and also to oppose the undeclared (and therefore illegal) war in Southeast Asia, I claimed a war crimes deduction." He contends that, after Congress' repeal of the Tonkin Gulf Resolution, continued Congressional appropriations for war purposes in Southeast Asia exceeded a specific constitutional limitation on Congress' power to tax and spend under the U.S. Const. art. I, sec. 8. Moreover former President Nixon's bombing of Cambodia represented illegal use of tax monies in direct violation of Congressional statutes and therefore petitioner believes that this "is a legitimate ground on which a taxpayer may challenge the Government's right to disallow deductions directly related * * *" thereto. Additionally by prosecuting the war in Indochina the United States violated the Hague Convention of 1907, Article 23; the Geneva Convention of 1949; and the constitution on the Church in the Modern World, Second Vatican Council of the Roman Catholic Church, Pope John XXIII, *478 1962. While we appreciate the sincerity of petitioner's beliefs and convictions it is now well settled that there is no avenue available to sustain petitioner's war crime deductions. Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Muste v. Commissioner,35 T.C. 913 (1961); cf. Holtzman v. Schlesinger,484 F.2d 1307 (2nd Cir. 1973); Kalish v. United States,411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969). Moreover petitioner's proposal to pay his taxes only if they are spent for "non-military, life-affirming purposes" is without merit. If taxpayers could designate the (purposes) for which their taxes may (or may not) be spent, our government would be utter chaos. In any event, such authority would require legislative action as we have no authority to impose any such requirement. Decision will be entered for the Respondent.