HOWARD W. LULL and BARBARA B. LULL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lull v. Commissioner
Docket No. 2460-77.
United States Tax Court
T.C. Memo 1978-74; 1978 Tax Ct. Memo LEXIS 435; 37 T.C.M. (CCH) 364; T.C.M. (RIA) 780074; February 27, 1978, Filed *435 Petitioners claimed deductions for "military expenditures" because of their moral and religious objections to paying taxes for military purposes. Held, respondent's motion for judgment on the pleadings granted. Howard W. Lull, pro se. Frank S. Armstrong, Jr., for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1974 and 1975 in the amounts of $1,067.60 and $1,050.66, respectively, and additions to tax under section 6653(a), I.R.C. 1954, in the amounts of $53.38 and $52.53, respectively. Due to concessions by the parties, the only substantive issue in dispute is whether petitioners may deduct the amount of $4,637 for the year 1974, and the amount of $3,284, for the year 1975, for "military expenditures" claimed as miscellaneous deductions on petitioners' income tax returns for those years. A statutory notice of deficiency was mailed to petitioners by respondent on December 14, 1976, where init was determined, among other things, that the deductions for military expenditures mentioned above were not allowable. On March 15, 1977, petitioners filed a petition *436 with this Court in which they alleged that the respondent erred in disallowing the claimed deductions for military expenditures and in asserting the additions to tax. Respondent filed an answer to the petition denying such allegations on April 21, 1977. On October 21, 1977, respondent filed a Motion For Judgment on the Pleadings on the grounds that respondent is entitled to judgment as a matter of law on the undisputed facts appearing from the pleadings. Petitioners objected and both parties filed a written memorandum supporting their positions. The motion was argued by the parties before the Court on January 31, 1978, at the conclusion of which the Court granted respondent's motion for judgment. That action is the subject of this opinion. Rule 120, Rules of Practice and Procedure, U.S. Tax Court, makes provision for a motion for judgment on the pleadings "After the pleadings are closed but within such time as not to delay the trial." This motion meets that time frame. The purpose of such a motion is to raise the legal question of whether the petition states a claim on which relief may be granted, thus avoiding unnecessary trial time if answered in the negative. A judgment *437 on the pleadings may be requested even though the allegations in the petition have been denied and, for purposes of the motion, the allegations of fact in the petition will be deemed admitted. Accordingly, we concluded that the motion was proper. Russell v. Commissioner,60 T.C. 942, 944 (1973). In their petition petitioners alleged that the military expenditure deductions claimed on their returns were sufficient to reduce their income tax by the percentage of the budget allotted to the military and that their tax refusals are based on Christian belief, constitutional rights, conscientious objections, natural rights, militarism, and peace making. An attachment to the petition discusses each of these bases, as does petitioners' memorandum in opposition to the motion. It is a well established principle of tax law that deductions are a matter of legislative grace and unless Congress provides for a deduction in the law it is not allowable. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Montgomery v. Commissioner,64 T.C. 175, 182 (1975). So basically, since petitioners can point to no provision in the statutes that *438 provides for a "military expenditures deduction," they are not entitled to such a deducgion. Furthermore, each of the reasons alleged by petitioners for claiming the deductions and their "tax refusal" have been considered, directly or indirectly, by this and other courts on many occasions and have consistently been held not to be valid grounds for refusal to pay tax. In Muste v. Commissioner,35 T.C. 913 (1961), this Court held that a taxpayer does not have the right to refuse to comply with the law because it may not be in accord with the dictates of his conscience or religion. And in Russell v. Commissioner,supra, this Court stated: Even though the conduct of the United States in Southeast Asia may have been in conflict with her religious views, her disapproval of such conduct for religious reasons does not give her the right to choose not to pay her share of the income tax. * * * In Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied, 397 U.S. 1036 (1970), the Court of Appeals said: We hold that nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless *439 of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of the tax. Kalish,supra, [Kalish v. United States, 411 F.2d 606 (9th Cir. 1969), cert. denied, 396 U.S. 835 (1969)], is analogous. See Muste v. Commissioner,supra, for the same principle. Both Muste v. Commissioner, and Russell v. Commissioner, both supra, specifically rejected the contention that the Nuremberg Principles prevented payment of the taxes in issue. Petitioners' assertions under the headings of "conscientious objections," "militarism," and "peacemaking," that they should not be required to pay taxes that would be used for military expenditures again pertain to their religious and moral objections to such expenditures and do not present new or meritorious reasons for allowance of the deductions. Petitioners also alleged, under the heading "Alternative Tax Payments" that they had contributed the amounts of their "refused taxes" to charitable *440 organizations and argue in the memorandum that this "places the war-tax refusers in double jeopardy: it both disallows war-tax refusal for religious reasons, and the expending of equivalent amounts for charitable purposes." In response to a question asked by the Court at the hearing, petitioner, Howard W. Lull, stated that petitioners claimed these charitable contributions as deductions on their returns for the following years. And as noted in Russell v. Commissioner,supra, the payment of an "alternative tax" has no bearing on petitioners' tax liability--that is a matter delegated to Congress.
At the argument on respondent's motion petitioner, Howard W. Lull, acknowledged that he found no provision in the statutory law and no precedent in the judicial decisions which would support his claimed deductions; nevertheless he expressed a wish or desire to restate from the witness stand the philosophy back of his cause in the hope that the Court would change its mind. We understand petitioner's desire to champion his cause but pointed out to petitioner that he had chosen the wrong forum, as had so many war-tax protesters; the Courts cannot allow the deduction unless *441 Congress provides for it. We think the already over-crowded courts are not the place for such individuals to repeatedly attempt to publicize their cause. Since petitioners alleged no facts in their petition which would prove error in respondent's imposition of the addition to tax for negligence provided in section 6653(a), respondent's action was sustained. After the Court granted respondent's motion for judgment on the pleadings, respondent submitted a decision document reflecting the reduced deficiency resulting from the concessions of the parties. Petitioners agreed that the computations were correct and had no objection thereto. Consequently, Decision will be entered in accordance with respondent's computation.