CHARLES J. and JUDITH M. QUILTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quilty v. Commissioner
Docket No. 7846-79.
United States Tax Court
T.C. Memo 1980-420; 1980 Tax Ct. Memo LEXIS 177; 40 T.C.M. (CCH) 1352; T.C.M. (RIA) 80420; September 22, 1980, Filed *177 Held, Ps are not entitled to a war crimes deduction on their 1975 Federal income tax return. Charles J. Quilty and Judith M. Quilty, pro se. Bryan R. Sullivan, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This matter is before the Court on the Commissioner's motion for partial judgment on the pleadings. The Commissioner determined a deficiency in the petitioners' Federal income tax of $3,172.16 for 1975 and an addition to tax of $159.00 for such year under section 6653(a) of the Internal Revenue Code of 1954. [1] The issue for decision is whether the petitioners may deduct an amount claimed by them as a "war crime deduction" because of their objection to the payment of Federal income taxes to support war. The petitioners, Charles J. and Judith M. Quilty, husband and wife, maintained their legal residence in Rock Island, Ill., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1975 with the Internal Revenue Service, Kansas City, Mo.
*178 On their Federal income tax return for 1975, the petitioners claimed a deduction of $22,572.00 as a "war crime deduction." The Commissioner disallowed such deduction in his notice of deficiency. In their petition, the petitioners claimed that, as a matter of law, they are entitled to such a deduction. The Commissioner filed a motion for partial judgment on the pleadings on the ground that he was entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings. The petitioners make several contentions to support their claim, including: (1) The foreign policy of the United States involved the commission of "war crimes"; (2) the Commissioner lacked authority to raise revenue for war crimes; (3) the financing of illegal wars violated American case law and various international treaties; and (4) the exploitative nature of American foreign policy violated the petitioners' religious beliefs. The petitioners also maintain that the Commissioner has not dealt with "the basic legal issue involved, i.e. the conduct of America in Vietnam and elsewhere and the legalities of that conduct." It is well established that the petitioners' disapproval of the military *179 expenditures made by the United States, whether such disapproval is for religious or other reasons, does not provide them with a legal basis for not paying their income taxes. There has been a long and undeviating parade of cases in this and other courts disallowing deductions taken by taxpayers for the part of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions, the Nuremberg Principles, international law, and numerous international agreements and treaties. Lull v. Commissioner,602 F. 2d 1166 (4th Cir. 1979), affg. per curiam T.C. Memo. 1978-74, and Herby v. Commissioner,T.C. Memo. 1978-119, cert. denied 444 U.S. 1014 (1980); First v. Commissioner,547 F. 2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish v. United States,411 F. 2d 606 (9th Cir. 1969), *180 cert. denied 396 U.S. 835 (1969); Farmer v. Rountree,149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F. 2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958); Greenberg v. Commissioner,73 T.C. 806 (1980); Tingle v. Commissioner,73 T.C. 816 (1980); Anthony v. Commissioner,66 T.C. 367 (1976); Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961).
In Muste v. Commissioner,supra, this Court held that a taxpayer does not have the right to refuse to comply with the law because it is not in accord with the dictates of his conscience or religion. The Court stated: There is no doubt as to the sincerity of the petitioner's beliefs, but in our opinion he does not have the right to refuse to comply with the law, even though the policies of the Federal Government and the manner of expenditure of its revenues may not accord with the dictates of his conscience or religion. *181 [35 T.C. at 919; footnote omitted.] The Court of Appeals for the Ninth Circuit stated in Autenrieth v. Cullen:
If every citizen could refuse to pay all or part of his taxes because he disapproved of the government's use of the money * * * the ability of the government to function could be impaired or even destroyed. * * * There are few, if any, governmental activities to which some person or group might not object * * * [418 F. 2d at 588-589.] At the hearing on this matter, the petitioners agreed that if the Court held against them on the deduction issue, they would not object to the addition to tax under section 6653(a), and they offered no evidence in opposition to the imposition of such addition to the tax. Under these circumstances, it is clear that the petitioners are not entitled, as a matter of law, to the deduction for war crimes claimed by them, and therefore, the Commissioner's motion for partial judgment on the pleadings will be granted. Since the petitioners have, in effect, conceded their liability for the addition to tax under section 6653(a), that issue will also be decided against them. An appropriate order and decision *182 will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩