DENNIS P. McGUIRE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGuire v. Commissioner
Docket Nos. 15151-79, 17964-80.
United States Tax Court
T.C. Memo 1981-486; 1981 Tax Ct. Memo LEXIS 255; 42 T.C.M. (CCH) 987; T.C.M. (RIA) 81486; September 3, 1981
*255 For each of the years in issue, petitioner claimed a so-called "war involvement" deduction. Held, respondent properly disallowed petitioner's "war involvement" deductions. Held further, petitioner is liable for additions to tax under sec. 6653(a), I.R.C. 1954. Dennis P. McGuire, pro se. James C. Lanning, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: In these consolidated cases, respondent determined the following deficiencies in petitioner's Federal income taxes and the following additions to tax: Docket
Addition to tax under
No.
Year
Deficiency
sec. 6653(a)
15151-79
1975
$ 127.00
$ 6.35
1976
1,539.94
77.00
1977
2,011.00
100.55
17964-80
1978
3,106.00
155.30
These cases have been consolidated for purposes of briefing and opinion. After concessions, the issues for decision are: (1) whether petitioner is entitled to a "war involvement" deduction in each of the taxable years at issue and (2) whether petitioner is liable for the additions to tax under section 6653(a), I.R.C. 1954, for negligence or intentional disregard of the rules and regulations. The facts in this case have *256 been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner Dennis P. McGuire resided in Minneapolis, Minnesota at the time of the filing of the petitions herein. He timely filed Federal income tax returns for his taxable years ended December 31, 1975, December 31, 1976, December 31, 1977 and December 31, 1978. On each of the tax returns under examination, petitioner claimed a "war involvement" deduction to express his conscientious objection to the United States Government's military activities and to his indirect participation in such activities through the payment of taxes. The amounts of the claimed war involvement deductions for the taxable years specified were as follows: War involvement
Year
deduction
1975
$ 2,108.08
1976
6,331.19
1977
10,559.00
1978
14,079.86
Respondent, in his notices of deficiency dated August 2, 1979 and June 19, 1980, disallowed the claimed war involvement deductions and determined that petitioner was liable for additions to tax under section 6653(a) for negligence or *257 intentional disregard of rules and regulations. We must first decide whether, for the years in issue, petitioner is entitled to the claimed war involvement deductions. We begin with the oft-recited legal maxim that deductions are a matter of legislative grace and are not allowable unless specifically provided for by Congress. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner has the burden of proving that he is entitled to the deductions. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). This and other courts time and again have rejected arguments identical to those proffered by petitioner. Recently, in Greenberg v. Commissioner, 73 T.C. 806, 810-811 (1980), we stated: [T]here has been a long and undeviating parade of cases in this and other courts disallowing deductions taken by taxpayers for the part of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions, the *258 Nuremberg Principles, international law, and numerous international agreements and treaties. Lull v. Commissioner, 602 F.2d 1166 (4th Cir. 1979), affg. per curiam T.C. Memo. 1978-74 and Herby v. Commissioner, T.C. Memo. 1978-119, cert. denied 444 U.S. 1014 (1980); First v. Commissioner, 547 F.2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; Autenrieth v. Cullen, 418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish v. United States, 411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); Farmer v. Rountree, 149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F.2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958); Anthony v. Commissioner, 66 T.C. 367 (1976); Scheide v. Commissioner, 65 T.C. 455 (1975); Egnal v. Commissioner, 65 T.C. 255 (1975); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961). Faced with this overwhelming *259 adverse body of law, petitioner cannot possibly expect this Court to uphold his view. Petitioner relies strongly on the recent Supreme Court decision in Thomas v. Review Board of the Indiana Employment Security Division,     U.S.    , 49 U.S.L.W. 4341 (Apr. 6, 1981). That case involved the denial of unemployment benefits to an individual who could not, according to the precepts of his religion, work in the manufacturing of military arms. We see no relationship between the imposition of the general income tax upon all and the denial of unemployment benefits to a specific individual. We need only repeat here the well stated comment of the Ninth Circuit in Autenrieth v. Cullen, 418 F.2d 586, 588-589 (9th Cir. 1969), to the effect that "if every citizen could refuse to pay all or part of his taxes because he disapproved of the government's use of the money, on religious grounds, the ability of the government to function could be impaired or even destroyed." We accordingly hold that petitioner is not entitled to his claimed war involvement deductions. [1]
*260 We also must decide whether respondent properly determined that petitioner was liable for the so-called "negligence penalty" under section 6653(a). Again, petitioner bears the burden of proof on this issue. Greenberg v. Commissioner, supra at 813. The record reveals no evidence suggesting that petitioner was other than negligent. In any event, petitioner's arguments have been rejected untold times in the past. We harbor no doubt that his resurrection of these shopworn arguments constituted "negligence" within the meaning of section 6653(a). Accordingly, we sustain respondent's imposition of the additions to tax under section 6653(a) for the years in issue. Decision will be entered for the respondent in docket No. 15151-79. Decision will be entered under Rule 155 in docket No. 17964-80. Footnotes
1. See Waitzkin v. Commissioner, T.C. Memo. 1981-281 and Grilliot v. Commissioner, T.C. Memo. 1981-100↩ and the cases cited therein.