CHUCK H. SHELTON and SUZANNE H. SHELTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shelton v. Commissioner
Docket No. 1724-80.
United States Tax Court
T.C. Memo 1981-568; 1981 Tax Ct. Memo LEXIS 170; 42 T.C.M. (CCH) 1287; T.C.M. (RIA) 81568; September 30, 1981. Chuck H. Shelton and Suzanne H. Shelton, pro se. Edward M. Robbins, Jr., for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $ 693 and a negligence addition to the tax under section 6653(a) [1] in the amount of $ 35. The only issue involves petitioners' argument that the payment of this tax "would violate [their] constitutional rights and [their] faith in Jesus Christ since that money would be used for war related purposes." *171 FINDINGS OF FACT Most of the facts have been stipulated and are so found. At the time the petition was filed in this case, petitioners' legal residence was 529 Mar Vista, Pasadena, California. During the taxable year 1977, petitioners received income of $ 8,769 from which no Federal income taxes were withheld or for which no self-employment tax under section 1401 was paid. The proper amount of tax under section 1401 is $ 693 (7.9% X $ 8,769). Petitioners have made the following payments on their Federal taxes for 1977: Item
Amount
Withholding
$ 19.90
Payment 5-02-77
201.00
Payment 5-02-77
201.00
Payment 6-11-77
201.00
Payment 6-11-77
201.00
Payment 2-18-80
193.00
Total:
$ 1,016.90
Petitioners' total taxes for 1977, as determined by respondent, were $ 1,433, leaving an unpaid amount of $ 416.10. Petitioners do not dispute respondent's determination of the deficiency other than raising various constitutional and religious arguments under Article VI and the First and Ninth Amendments to the United States Constitution. Petitioners are aware that their various arguments have previously been considered and rejected by this Court and by the various *172 Circuit Courts of Appeals and that the United States Supreme Court has denied certiorari in many of those cases. OPINION As petitioners admittedly are aware, this and other courts time and again have rejected arguments identical to those proffered by petitioners. Recently, in Greenberg v. Commissioner, 73 T.C. 806, 810-811 (1980), we stated: [T]here has been a long and underviating parade of cases in this and other courts disallowing deductions taken by taxpayers for the part of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions, the Nuremberg Principles, international law, and numerous international agreements and treaties. Lull v. Commissioner, 602 F.2d 1166 (4th Cir. 1979), affg. per curiam T.C. Memo. 1978-74 and Herby v. Commissioner, T.C. Memo. 1978-119, cert. denied 444 U.S. 1014 (1980); First v. Commissioner, 547 F.2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this *173 Court; Autenrieth v. Cullen, 418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish v. United States, 411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); Farmer v. Rountree, 149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F.2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958); Anthony v. Commissioner, 66 T.C. 367 (1976); Scheide v. Commissioner, 65 T.C. 455 (1975); Egnal v. Commissioner, 65 T.C. 255 (1975); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961). See also Tingle v. Commissioner, 73 T.C. 816 (1980). Faced with this overwhelming body of law against them, petitioners cannot possibly expect this Court to uphold their view. Petitioners candidly agree that they did not come to this Court with any hope that the Court would rule in their favor but came as a matter of their Christian conscience. While the Court does not question petitioners' sincerity and good faith, their arguments, no matter how *174 well intentioned, are without merit and thoroughly frivolous.The fact that petitioners' arguments have been rejected untold times in the past and the fact that they are aware of such rejection are adequate to sustain respondent's imposition of the negligence addition under section 6653(a). We have also seriously considered the imposition of damages under section 6673 on the Court's own motion but have declined to do so this time since there is no clear showing that petitioners filed their petition merely for delay. [2]
Decision will be entered for respondent for the amount of the *175 deficiency and the negligence addition stated in the statutory notice, but the payments already made by petitioners should be taken into consideration in any collection action. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year involved in this case, unless otherwise indicated.↩
2. But see and compare Sydnes v. Commissioner, 74 T.C. 864 (1980), affd. 647 F. 2d 813 (8th Cir. 1981); Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, 71 T.C. 633 (1979), where damages were imposed. The Court, however, furnished petitioners a copy of the Court's opinion in Graves v. Commissioner, T.C. Memo. 1981-154↩, where damages were imposed on the Court's own motion. The Court further cautioned petitioners that the Court may well impose such damages in any future case of this type.