JENNIFER P. HOLLINGSHEAD and IRVING HOLLINGSHEAD, JR., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollingshead v. Commissioner
Docket Nos. 6753-82, 18400-83
United States Tax Court
T.C. Memo 1984-158; 1984 Tax Ct. Memo LEXIS 516; 47 T.C.M. (CCH) 1390; T.C.M. (RIA) 84158; March 29, 1984. Jennifer P. Hollingshead and Irving Hollingshead, Jr., pro se. Russell K. Stewart, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined deficiencies in petitioners' Federal income tax liability for 1980 in the amount of $4,597 and for 1981 in the amount of $3,667.80. Respondent also determined additions to tax for 1980 and 1981 under section 6653(a) [1] in the amounts of $229.85 and $183.39, respectively. The issues for decision are (1) whether petitioners may take World Peace Fund tax credits based on their religious convictions; (2) whether respondent correctly determined additions to tax under section *517 6653(a); and (3) whether damages under section 6673 should be awarded the United States. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated herein by this reference. Petitioners resided in Boyertown, Pennsylvania, at the time they filed their petitions. The cases have been consolidated for decision. Petitioners timely filed their Federal income tax returns for the years 1980 and 1981. Petitioners are members of the Society of Friends (Quakers). As members of that religious organization petitioners adhere to the principles of nonviolence. They also object to the payment of taxes which will be used by the government to fund military activities. In light of those beliefs, petitioners claimed tax credits for "World Peace Tax Fund" and "World Peace Tax Credit" in the amounts of $4,597.88 and $3,860.42, [2] respectively, on their 1980 and 1981 Federal income tax returns. Petitioners deposited the amounts *518 of the tax credits claimed in an escrow account. Petitioners state that they are willing to turn over the escrowed funds to the government for use "for any human [sic] service designated by the government." Petitioners contend that the free exercise clause of the First Amendment to the United States Constitution grants them the right not to pay a portion of their Federal income taxes unless the government earmarks that amount for nonmilitary purposes. The first issue has been decided many times by this and other courts and has been rejected in each instance. See e.g., Lull v. Commissioner,602 F.2d 1166 (4th Cir. 1979), affg. per curiam Lull v. Commissioner and Herby v. Commissioner, Memorandum Opinions of this Court, cert. denied 444 U.S. 1014 (1980); First v. Commissioner,547 F.2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish v. United States,411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); Tingle v. Commissioner,73 T.C. 816 (1980); *519 Greenberg v. Commissioner,73 T.C. 806 (1980); Anthony v. Commissioner,66 T.C. 367 (1976); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961). See also, Senesi v. Commissioner,T.C. Memo. 1981-723, affd. by Court Order (6th Cir., Feb. 7, 1983); Graves v. Commissioner,T.C. Memo. 1981-154, affd. by Court Order (6th Cir., Jan. 28, 1982). Petitioners suggest that two recent Supreme Court decisions, United States v. Lee,455 U.S. 252 (1982), and Thomas v. Review Board of the Indiana Employment Security Division,450 U.S. 707 (1981), support their position herein. However, in United States v. Lee,supra, the Supreme Court rejected a claim by a member of the Amish order that he was exempt from the payment of social security taxes because of his religious beliefs. In Thomas v. Review Board of the Indiana Employment Security Division,supra, the Supreme Court determined *520 that the particular governmental interest in the State of Indiana's unemployment compensation system, which was involved therein, was not sufficiently compelling to justify the denial of unemployment benefits to an individual who had lost his job because of his religious beliefs. Contrary to petitioners' assertions, Lee supports respondent's position herein, and Thomas is distinguishable since it did not involve the Federal tax system. Based upon the authorities previously cited, it is clear that the needs of the Federal tax system cannot accommodate the World Peace Fund tax credits claimed herein. We therefore hold for respondent on this issue. The second issue is whether petitioners are liable for the additions to tax pursuant to section 6653(a). Respondent determined that these additions to tax were applicable for 1980 and 1981 because petitioners negligently failed to pay their total tax liabilities. Respondent's determination of negligence or intentional disregard of rules and regulations is presumptively correct and will be upheld, unless petitioners rebut the presumption by showing due care. See, among others, McGahen v. Commissioner,76 T.C. 468, 484 (1981), *521 affd. 720 F.2d 664 (3rd Cir. 1983); Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497, 512 (1971), affd. 469 F.2d 697 (9th Cir. 1972). Petitioners have not rebutted this presumption. Thus, respondent's determination on this issue is sustained. The final issue for decision is whether damages should be imposed on petitioners pursuant to section 6673. Respondent seeks damages for 1980 and 1981 on the grounds that petitioners instituted their actions in these consolidated cases for purposes of delay. Under the circumstances, we think this is a proper case in which to impose damages under section 6673. Section 6673, as it applied to petitions filed prior to January 1, 1983, provides that the Tax Court may award damages to the United States not in excess of $500 whenever it appears that a taxpayer has filed the petition merely for delay. Section 6673, as it applies to petitions filed after December 31, 1982, provides for damages not in excess of $5,000 whenever it appears that a taxpayer has filed the petition primarily for delay or where the taxpayer's position is frivolous or groundless. [3] On this record we conclude *522 that the proceedings herein were instituted for delay. Abrams v. Commissioner, 82 T.C.     (filed March 5, 1984); Greenberg v. Commissioner,73 T.C. 806, 814 (1980); Graves v. Commissioner,T.C. Memo. 1981-154, affd. by Court Order (6th Cir., Jan. 28, 1982). See also Wilkinson v. Commissioner,71 T.C. 633 (1979). We therefore impose damages on petitioners under section 6673 in the amount of $250 in docket number 6753-82 and in the amount of $750 in docket number 18400-83. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during 1980 and 1981.↩
2. The discrepancy between the tax credit disallowed by respondent in 1981 and the amount of the deficiency determined for that year is unexplained in the record.↩
3. The petition in docket number 6753-82 was filed on March 26, 1982, and the petition in docket number 18400-83 was filed on July 6, 1983.↩