RONALD W. WRIGHT AND CONSTANCE J. WRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 18953-80.
United States Tax Court
T.C. Memo 1981-65; 1981 Tax Ct. Memo LEXIS 673; 41 T.C.M. (CCH) 895; T.C.M. (RIA) 81065; February 19, 1981. Ronald W. Wright, pro se. Robert N. Armen, for the respondent DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*674 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on November 14, 1980, pursuant to Rule 40, Tex Court Rules of Practice and Procedure. [2]
Respondent in his notice of deficiency issued to petitioners on July 14, 1980, determined a deficiency in petitioners' Federal income tax and an addition to the tax for the taxable calendar year 1978 in the following respective amounts: [3]Addition to Tax, IRC 1954
Income Tax
Sec.6653(a)
$ 2,336.00
$ 116.80
The only income adjustments determined by respondent were for a claimed conscience deduction of $ 6,669 and $ 109 claimed for taxes for local telephone, electricity, and water. [4]
*675 Petitioners resided at 1821 Briar Ridge Court, McLean, Virginia, on the date they filed their petition herein. They filed a joint 1978Federal income tax return with the Internal Revenue ServiceCenter at Memphis, Tennessee. In an attachment to that return, they assert-- As a matter of conscience and religious belief we are against the use of violence as a means to an end. War and militarism are violent means--that of killing or destroying an enemy--towards an end, usually of winning power or economic advantage. Therefore, based upon the FirstAmendment, Ninth Amendment, and the Buremburg Principles and international laws, we are not obligated to pay for war. The amount claimed as "conscience deduction" is that amount necessary to reduce our 1978 tax liability by 30%, the percentage of the 1978 Federal budget allocated to the "current" military budget. On or about November 14, 1980, copies of respondent's motion and his memorandum of authorities in support thereof were served on petitioners. Thereafter, on December 1, 1980, the Court served upon the parties its order calendaring respondent's motion for hearing on January 21,1981. That order recites in the second "Ordered" *676 paragraph thereof-- * * * that if on or before January 12, 1981, petitioners file a proper amended pleading in accordance with Rule 50(d), a copy of which will forthwith be served upon the opposite party, the motion [respondent's] will be denied without hearing and without prejudice to the right of the opposite party to move, or otherwise to respond with respect to the amended pleading. No proper amended pleading has been filed by petitioners. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." On this record, no justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no justiciable facts in support of such error are extant therein. Rather, petitioners consume their entire petition raising, in the main, constitutional arguments, i.e., that their constitutional rights have been *677 violated under the First, Fifth, and Ninth Amendments. It is clear beyond doubt that the constitutional arguments advanced by petitioners are frivolous and without merit. All of the contentions they have raised have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other Courts. [5] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), we had this to say-- *678 In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as a speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS,which expenses must eventually by borne by all of us. [6]
Injustification of their conscience deduction, petitioners presented, in their memorandum of authorities and at the hearing, an elaborate argument in an attempt to convinced the Court that the compel them to pay taxes for war would constitute forcing them to violate their conscience, religious training, and beliefs in contravention of their *679 rights guaranteed by the First, Fifth, and Ninth Amendments to the Constitution of the United States. While we do not question petitioners' apparent sincerity in bringing their case to this Court,we cannot offer them any relief in view of well established further precedents. For more than 20 years, in a long and undeviating line of cases, this Court and others have disallowed deductions or credits taken by taxpayers for a portion of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions and amendments thereto, to Nuremberg Principles,national and international law, and numerous international agreements and treaties. Greenberg v. Commissioner,73 T.C. 806 (1980); Lull v. Commissioner,602 F.2d 1166 (4th Cir. 1979), affg. per curiam Lull v. Commissioner and Herby v. Commissioner, memorandum opinions of this Court, cert. denied 444 U.S. 1014 (1980); First v. Commissioner,547 F.2d 45 (7th Cir. 1976), affg. per curiam a memorandum *680 opinion of this Court; Autenrieth v. Cullen, 418 F.2d586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish. United States,411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); Farmer v. Rountree,149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F.2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958); Anthony v. Commissioner,66 T.C. 367 (1976); Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961). Last year for the first time we considered, fully discussed, and rejected a taxpayer's refusal to pay taxes based on the claim that the Ninth Amendment[7] preserved one's right to do so. Tingle v. Commissioner,73 T.C. 816 (1980). [8] We again reaffirm our holding in Tingle, which clearly controls petitioners' Ninth Amendment argument herein. In that opinion, at 820-821, we said-- *681 The petitioner's claim of conscience runs into direct conflict with the express power to levy and collect taxes. Article I, section 8, of the Constitution specifically provides that the Congress shall have power to lay and collect taxes, to provide for the common defense and general welfare of the United States, and to provide for and maintain an Army and a Navy. This article and the 16th Amendment to the Constitution empower the Congress to lay and collect taxes on incomes from whatever source derived. In exercising such authority, Congress has imposed a tax on incomes and has made noexceptions for those persons who have moral or conscientious objections to the use of the taxes so collected. * * * [Emphasis added.] "Whether and to what extent deductions shall be allowed depends on legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). No statutory provision exists to allow the deduction sought here by petitioners. "General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies *682 to be resolved in the courts; Congress is the appropriate body to which such matters should be referred." Tingle v. Commissioner,supra at 822-823. The record here is crystal clear. Petitioners, in their petition, have not assigned any justiciable error with respect to the substantive adjustments to their income which were determined by respondent in his notice of deficiency. Nor have petitioners alleged any justiciable facts to show that respondent erred in determining those adjustments. [9] The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [10] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). *683 Finally, while not material in view of our disposition of this case, petitioners seek to present proof at any subsequent trial of the factual allegations made in their petition, e.g., to put on "evidence" of the U.S. foreign and military policy and international agreements to support their allegations of violations of international law. We addressed a similar plea in Egnal v. Commissioner,supra at 263, which is equally applicable here, where we stated: They are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous. [11]
*684 On this record, we are compelled to sustain respondent's determinations, and his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on January 21, 1981. Counsel for respondent appeared as did petitioner Ronald W. Wright, at which time he filed an objection to respondent's motion with an attached memorandum of authorities.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. The latter adjustment was not petitioned, and we deem it abandoned. Respondent allowed petitioners a deduction of $ 582 for education expenses which they did not claim on their 1978 return.↩
5. Richardson v. Commissioner,72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner,71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (first, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner,62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Porth v. Brodrick,214 F.2d 925 (10th Cir. 1954) (Thirteenth Amendment); Bowser v. Commissioner,T.C. Memo. 1980-483 (Thirteenth Amendment). See also Meyers v. Commissioner,T.C. Memo. 1980-579; Egan v. Commissioner,T.C. Memo. 1980-560; Myers v. Commissioner,T.C. Memo. 1980-549; Treshman v. Commissioner,T.C. Memo. 1980-526; Upton v. Commissioner,T.C. Memo. 1980-325; Fleck v. Commissioner,T.C. Memo. 1980-281; Wharton v. Commissioner,T.C. Memo. 1980-253↩. In addition, respondent, in his memorandum of authorities, a copy of which was served on petitioners almost two months prior to the hearing, cites a number of other cases pertinent to the matter at bar. We see no reason to further burden this opinion by again reciting herein those relevant opinions.
6. The Court's language in Hatfield,↩ so true when stated on September 12, 1977, is all the more impelling today because of the even increasing caseload of this Court.
7. The Ninth Amendment↩ reads as follows: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." 8. See also Donaghy v. Commissioner,T.C. Memo. 1980-580, and Marx v. Commissioner,T.C. Memo. 1980-405, which followed Tingle v. Commissioner,73 T.C. 816 (1980), in rejecting Ninth Amendment↩ pleas.
9. Hence, we find it unnecessary herein to discuss at any length petitioners' burden of proof argument. But see and compare Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757 (1972); Pritchett v. Commissioner,63 T.C. 149 (1974); Bagur v. Commissioner,66 T.C. 817 (1976); and Nordeen v. Commissioner,T.C. Memo. 1977-45↩; Rule 142(a). 10. Indeed, if all the allegations of fact contained in the petition were taken as true, they would fail to state a claim upon which this Court could grant any relief.↩
11. In our view, petitioners are quite intelligent and very knowledgeable with respect to the cases pertaining to the matters herein under consideration. In these circumstances, while we considered imposing damages against petitioners pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare Sydnes v. Commissioner,74 T.C. 864 (1980), on appeal 8th Cir., Nov. 1980; Greenberg v. Commissioner,73 T.C. 806 (1980); and Wilkinson v. Commissioner,71 T.C. 633↩ (1979), where damages were imposed.